IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE YASHAR'EL, | |
| Plaintiff, | |
| v. | 2:25-CV-182-Z |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wells Fargo Bank's ("Wells Fargo") Motion to Dismiss ("Motion"), filed August 15, 2025. ECF No. 10. Plaintiff responded on August 20, 2025. ECF No. 18. Defendant replied on August 27, 2025. ECF No. 21. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff filed his Original Complaint on July 10, 2025, in the 108th Judicial District Court of Potter County, Texas. *See* ECF No. 1-5 at 2–5 (the "Affidavit and Notice of Unlawful Denial of Notarization by Wells Fargo Bank"). There, Plaintiff contends he presented Wells Fargo "sovereign tribal legal documents for lawful notarization" and was "wrongfully denied notarial service" after he issued a "rebuke of foreign systems." *Id.* at 2. Following the denial, Plaintiff alleges he "received a call from a Wells Fargo branch . . . notifying [him] that [his] account was being terminated." *Id.* Plaintiff claims that Wells Fargo's refusal to acknowledge the documents' "lawful power," along with his "identity and standing," constitutes discrimination and bad-faith conduct. *Id.* Plaintiff states that he is asserting claims under (1) 18 U.S.C. Section 245(b); (2) 42 U.S.C. Sections 1981 and 1982; (3) Texas Government

Code Section 406.014; (4) Uniform Commercial Code Section 1-308; (5) the First Amendment; and (6) Tribal Sovereignty Rights. *Id.* at 3.

Wells Fargo removed the case to this Court on August 8, 2025, on the basis of diversity, federal question, and supplemental jurisdiction. ECF No. 1 at 2. Wells Fargo then filed the instant Motion on August 15, 2025, seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* at 1.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts should "construe facts in the light most favorable to the nonmoving party"—here, Plaintiffs—"as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court liberally construes a *pro se* party's filings and they are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and abide the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (a *pro se* plaintiff is not "exempt . . . from compliance with the relevant rules of procedural and substantive law" (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

ANALYSIS

I. 18 U.S.C. Section 245(b)

Plaintiff's first claim arises under 18 U.S.C. Section 245(b) for "Federally Protected Activities." ECF No. 1-5 at 3. This provision provides criminal penalties for anyone who intimidates or interferes with a person seeking to participate in federally protected activities (such as voting, participating in federally funded programs, or serving on a jury). To the extent Plaintiff attempts to allege a criminal law violation, his claims lack any legal basis—18 U.S.C. Section 245(b) is a federal criminal statute that does not provide a civil litigant a private right of action. *See, e.g., McCollum v. Henschel*, No. 3:18-CV-2351, 2021 WL 5762806, at *3 (N.D. Tex. Oct. 18, 2021) ("Criminal statutes do not create a private right of action."); *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute."). Thus, Plaintiff's claim under 18 U.S.C. Section 245(b) is **DISMISSED**.

II. 42 U.S.C. Sections 1981 and 1982

Next, Plaintiff points to 42 U.S.C. Sections 1981 and 1982 as they relate to "[e]qual protection and rights to contract." ECF No. 1-5 at 3. Each will be discussed in turn.

The Fifth Circuit provides that, to succeed on a Section 1981 claim, a plaintiff must establish "(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)); *Strawther v. U-Haul Co. of Tex.*, No. 3:20-CV-026, 2020 WL 7629249, at *2 (N.D. Tex. Dec. 22, 2020). Crucial to a successful claim under Section 1981 is proof of discriminatory intent by the plaintiff. *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 318 (5th Cir. 2001). Discriminatory intent can be proven circumstantially "through factual allegations that other,

specific customers belonging to other races were treated differently under the same or similar circumstances or factual allegations as to the defendant's conduct that circumstantially reflect intent to discriminate." *Strawther*, 2020 WL 7629249, at *2.

Here, Plaintiff fails to allege facts in his Complaint sufficient to show that Wells Fargo intended to discriminate against him due to his race. Rather, Plaintiff merely states that he "rebuke[d] foreign systems," at which point Wells Fargo declined him notarial services and later terminated his account. ECF No. 1-5 at 2. Such conclusory allegations, which neglect to mention Plaintiff's race, are deficient and fail to support a cognizable claim. Plaintiff's response briefing, which include new allegations that Wells Fargo discriminated against him based on his indigenous status, does not change this fact. *See, e.g., Energy Coal v. Citgo Petroleum Corp.*, 836 F.3d 457, 462 n.4 (5th Cir. 2016) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citation omitted). Further, Wells Fargo is permitted to close Plaintiff's account—as contracted between the parties, Wells Fargo possesses the right to close an account at any time. *See* ECF No. 11-2 at 37 ("We may close your account at any time. If we close your account, we may send the remaining balance in your account by mail or credit it to another account you keep with us."). Accordingly, Plaintiff's claim under 42 U.S.C. Section 1981 is **DISMISSED**.

Plaintiff's claim under 42 U.S.C. Section 1982 fares no differently. Section 1982 is intended to bar racial discrimination in the sale or rental of property. *See* 42 U.S.C. § 1982. To maintain a cause of action under this Section, like above, Plaintiff would need to demonstrate discriminatory intent by Wells Fargo. *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affs.*, 749 F. Supp. 2d 486, 501 (N.D. Tex. 2010) ("To prove claims under § 1982 and the Equal Protection Clause, [a plaintiff] must demonstrate discriminatory intent, not merely discriminatory effect."). Plaintiff has not presented any evidence to support an

inference that Wells Fargo discriminated against him on the basis of race. As Defendant correctly states, Plaintiff's claims are "naked assertions devoid of further factual enhancement." ECF No. 11 at 7 (quoting *Ashcroft v. Iqbal*, 556 U.S. 678, 678) (internal marks and citations omitted). Plaintiff's claim under 42 U.S.C. Section 1982 is **DISMISSED**.

### III. Texas Government Code Section 406.014

Plaintiff looks to Texas Government Code Section 406.014 as the basis for his next claim, stating that "[n]otaries may not refuse without legal cause." ECF No. 1-5 at 3. This provision relates to notary records and sets forth the requirements of what records a notary public shall keep, such as "the date of each instrument notarized" and "the date of the notarization." TEX. GOV'T. CODE § 406.014. Despite Plaintiff's allegation that "[n]otaries may not refuse without legal cause," Section 406.014 says nothing of the sort. A court will squint at *pro se* filings to discern what may be there—but it will not see things that are plainly not there. *See Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs."). Plaintiff's claim under Texas Government Code Section 406.014 is **DISMISSED**.

### IV. Uniform Commercial Code Section 1-308

Next, Plaintiff uses Uniform Commercial Code ("UCC") Section 1-308 as the basis for his "Reservation of Rights." ECF No. 1-5 at 3. This UCC provision states that "[a] party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved." U.C.C. § 1-308(a). Specifically, this provision is "intended to enable a party in a commercial transaction to accept the other side's continued performance without waiving the right to sue for breach of contract." *United States v. Gillen*, No. CV B-16-24, 2016 WL 3349163, at *1 n.1 (S.D. Tex. Apr. 29, 2016).

This provision is not relevant. Rather, Plaintiff's filings reflect one of many predictable arguments deployed by sovereign citizens. Such so-called sovereign citizens—who argue that they are their own sovereigns and are not United States citizens—often "claim as grounds for this belief the Uniform Commercial Code," among other things. *Westfall v. Davis*, No. 7:18-CV-023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018). Plaintiff has done just this. Thus, Plaintiff's claim under UCC Section 1-308 is **DISMISSED**.

**V. First Amendment**

Next, Plaintiff claims that the First Amendment provides him with "[f]reedom of spiritual/religious expression" and that Wells Fargo violated this right. ECF No 1-5 at 3. The First Amendment to the Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

Like Plaintiff's other claims, this claim similarly fails. First Amendment protections are triggered only in the presence of federal or state government action—not by the actions of a privately owned business like Wells Fargo. *See, e.g., Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments."); *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state."). Although a private entity can, on occasion, be held to constitutional standards, no such occasion presents here. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (finding that for private action to be "fairly attributed" to the state, the action must be taken "under color of state law" and "by a state actor"). Plaintiff fails to allege any state action in his Complaint. Thus, his First Amendment claim is **DISMISSED**.

6

### VI. Tribal Sovereignty

Plaintiff's assertion of "Tribal Sovereignty Rights" also fails. ECF No. 1-5 at 3. Plaintiff fails to articulate any legal cause of action related to such sovereignty rights. Although Plaintiff claims that "Defendant improperly labels Plaintiff as a 'sovereign citizen' in order to prejudice the Court," he maintains in the same breath that he is asserting "tribal sovereignty and Indigenous rights." ECF No. 18 at 3. Plaintiff's self-identified tribe—the "Nation of Yashar'el— is not one of the 574 tribal entities formally recognized by the United States. *See Indian Entities Recognized by and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 86 Fed. Reg. 7554 (Jan. 29, 2021). Plaintiff's filings are, in reality, replete with the identifying characteristics of a sovereign-citizen filer.

Such vague and conclusory sovereign citizen claims are not valid federal causes of action and are routinely dismissed. *See, e.g.*, *Westfall*, 2018 WL 2422058, at *2 ("Courts routinely dismiss sovereign citizen claims."); *Berman v. Stephens*, No. 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court."). Such citizens "cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id.* Thus, Plaintiff's tribal sovereignty claim is **DISMISSED**.

\* \* \*

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal—but this is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Just so here. For the reasons outlined above, Plaintiff's arguments are duplicative of claims already raised—and rejected—in his previous cases. *See Yashar'el v. United States of Corporation Donald*

7

*Trump*, No. 2:25-CV-151-Z (N.D. Tex.); *Yashar'el v. Autonation, Inc.*, No. 2:25-CV-162-Z (N.D. Tex.); *Yashar'el v. Wells Fargo Bank N.A.*, No. 2:25-CV-182-Z (N.D. Tex.); *Yashar'el v. City of Amarillo*, No. 2:25-CV-184-Z (N.D. Tex.). Permitting amendment would be futile and cause needless delay.

### CONCLUSION

For the above reasons, Wells Fargo's Motion is **GRANTED**, and Plaintiff's action is **DISMISSED with prejudice**. All other pending motions are **DENIED as moot**.

SO ORDERED.

August 29, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE